IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNALDO LEAL (#83916-079), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0256 |
| | § | |
| FEDERAL BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Federal prisoner Reynaldo Leal (#83916-079) has filed a petition for a writ of mandamus under 28 U.S.C. § 1651, arguing that he is entitled to relief because the United States Bureau of Prisons has calculated his good time credit in an incorrect manner. After reviewing all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

**I.    DISCUSSION**

Court records reflect that Leal was convicted pursuant to his guilty plea to charges of conspiracy to possess with intent to distribute more than five kilograms of cocaine. *See United States v. Reynaldo Leal*, Criminal No. H-99-0462-02 (S.D. Tex.). As a result, Leal received a sentence of 108 months of imprisonment in the Bureau of Prisons, followed by a five-year term of supervised release. Leal does not challenge his conviction. Instead, Leal seeks a writ of mandamus to force the Bureau of Prisons to award good time credit in a

manner consistent with his interpretation of the governing federal statute, 18 U.S.C. § 3624(b).

The writ of mandamus is governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy. *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). To obtain a mandamus order, a petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Id.* For reasons discussed further below, Leal does not meet any of these criteria.

Other than citing to 28 U.S.C. § 1361, Leal does not establish that this Court has jurisdiction over the subject matter of his petition. Liberally construed, Leal's petition seeks relief from the administration of his sentence, which is governed by 28 U.S.C. § 2241. "A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To entertain a habeas corpus petition under 28 U.S.C. § 2241, "the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). Leal remains in custody at the Giles W. Dalby Correctional Facility in Post, Texas, which is located in Garza County, in the Northern District of Texas. *See* 28 U.S.C. § 124(a)(7)

(Lubbock Division). Because Leal is confined in another district, Houston is an improper venue for his claims.

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). For reasons set forth briefly below, the Court concludes that a transfer would not further the interests of justice because the petition is without merit whether it is brought under § 1361 or § 2241.

Good time credit calculations for prisoners incarcerated in the Bureau of Prisons are governed by 18 U.S.C. § 3624(b). This statute authorizes an award of good time credit towards the service of a sentence in the amount of "up to 54 days at the end of each year of the prisoner's *term of imprisonment* . . . ." (emphasis added). Regulations governing the manner in which the BOP calculates good time credits dictate that, under this statute, "an inmate earns 54 days credit toward service of sentence (good conduct time credit) *for each year served*." 28 C.F.R. § 523.20 (2004) (emphasis added). By awarding good time credit based on each year served, the Bureau of Prisons utilizes a formula which takes into account the fact that an inmate's actual time served decreases incrementally each year as he is awarded good time credit. *See White v. Scibana*, 390 F.3d 997, 999-1000 (7th Cir. 2004) (explaining the BOP's good time computation formula), *cert. denied*, — U.S. —, 125 S. Ct. 2921 (2005).

3

Leal maintains that the plain language of 18 U.S.C. § 3624(b) requires calculation of good time credits based on the "term of imprisonment" fixed by the sentencing judge, and not on the amount of time served as provided in the Bureau of Prisons' regulation. Citing *Moreland v. Bureau of Prisons*, 365 F. Supp. 2d 882 (S.D. Tex. 2005), in which a district court granted habeas corpus relief on a similar claim, Leal insists that he is entitled to a writ of mandamus to compel the Bureau of Prisons to calculate his time correctly based on the length of his sentence.

The relief that the petitioner requests is foreclosed by recent Fifth Circuit precedent, which reversed the sole court decision that he relies upon. In *Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 186-87(5th Cir. Nov. 10, 2005), the Fifth Circuit held that 18 U.S.C. § 3624(b) was unambiguous and that the Bureau of Prisons properly awarded credit only for each year actually served. *Accord Sample v. Morrison*, 405 F.3d 310 (5th Cir. 2005) (observing that § 3624(b)(1) "plainly states that a prisoner cannot earn any good time credit until he has *served* at least one year of his prison term. At that time, and thereafter, 'at the end of each year' of the inmate's prison term, he 'may' be awarded 'up to 54 days' of good time credit."). Every other circuit court to address this issue has rejected claims such as those raised by the petitioner. *See Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004), *cert. denied*, — U.S. —, 125 S. Ct. 2921 (2005); *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172 (3rd Cir. 2005); *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *Brown v. McFadden*, 416 F.3d 1271 (11th Cir. 2005);

*Petty v. Stine*, 424 F.3d 509 (6th Cir. 2005); *Sash v. Zenk*, 428 F.3d 132 (2d Cir. 2005); *James v. Outlaw*, 126 Fed.Appx. 758 (8th Cir. 2005) (unpublished). The petitioner fails to show that he is entitled to relief.  Accordingly, his petition must be dismissed.

## II.    CONCLUSION AND ORDER

For the foregoing reasons, the petitioner is not entitled to the relief that he seeks. Accordingly, the Court **ORDERS** as follows:

1.    The petition for a writ of mandamus (Docket Entry No. 1) is **DISMISSED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **January 31, 2006.**

_____
Nancy F. Atlas
United States District Judge